THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, v. KEVIN JOHN KUEMMERLIN, Respondent.

No. 32261

October 20, 1999                                    985 P.2d 750

[En banc reconsideration denied November 16, 1999]

*Frankie Sue Del Papa,* Attorney General, and *Liesl Freedman,* Deputy Attorney General, Carson City, for Appellant.

*John Glenn Watkins,* Las Vegas, for Respondent.

Before MAUPIN, SHEARING and BECKER, JJ.

## OPINION

*Per Curiam:*

This is an appeal from a district court order granting judicial review and reinstating respondent's driving privileges.[1] Appellant,

___

[1]On August 10, 1999, we issued an order reversing the district court's order and remanding for reinstatement of the agency decision to revoke respondent's driving privileges. On August 23, 1999, appellant moved for publication of our unpublished order as an opinion, and on August 26, 1999, respondent petitioned for rehearing. Cause appearing, we grant the motion to

the Department of Motor Vehicles and Public Safety (DMV), contends the district court erred as a matter of law in failing to follow controlling case law: specifically, State, Dep't of Mtr. Vehicles v. Lovett, 110 Nev. 473, 874 P.2d 1247 (1994). We agree.

On January 19, 1997, federal park ranger Michael Blandford was dispatched to a traffic accident involving a motorcycle on Callville Bay access road in the Lake Mead National Recreational Area (LMNRA). Both individuals on the motorcycle were injured, so a life flight helicopter was called. Respondent Kevin Kuemmerlin, whose eyes were red and watery and whose breath smelled of alcohol, admitted he was the driver of the motorcycle. At the hospital, Ranger Blandford informed Kuemmerlin that Kuemmerlin was required under the Nevada implied consent law to give a blood sample because the accident involved injuries. Upon receipt of test results indicating Kuemmerlin's blood alcohol content (0.16%) exceeded the legal limit, Ranger Blandford sent the DMV an officer's certification of cause, and the DMV revoked Kuemmerlin's driver's license. See NRS 484.385(2). A hearing officer upheld the revocation, but the district court granted Kuemmerlin's petition for judicial review and reversed. The court concluded the Nevada implied consent law did not apply because Kuemmerlin was driving entirely within a federal park, so federal law preempted state law and the DMV lacked jurisdiction.

The district court's conclusions are contrary to this court's decision in Lovett, a factually similar case. In that case, a park ranger arrested Lovett for driving under the influence of alcohol in the LMNRA. Although the ranger initiated the stop within park boundaries, Lovett did not stop until he was outside the federal park. Lovett refused to take an evidentiary test, so the ranger completed an officer's certification of cause, served Lovett with a notice of revocation and as an agent of the DMV seized Lovett's license. A hearing officer upheld the revocation, but the district court granted Lovett's petition for judicial review, reversed the hearing officer and reinstated Lovett's driving privileges. Lovett, 110 Nev. at 475, 874 P.2d at 1248-49. The DMV appealed, and we reversed.

In Lovett, we rejected the same arguments Kuemmerlin raised at the district court's hearing on his petition for judicial review. And although Kuemmerlin never left the park, whereas Lovett did not stop his vehicle until he was outside the park, our decision in

publish our order, and we issue this opinion in place of our order of remand filed August 10, 1999. We deny the petition for rehearing; NRAP 40(c)(1) expressly provides that matters presented in the briefs may not be reargued in a petition for rehearing.

*Lovett* did not rest on the fact that Lovett drove outside park boundaries. We decided that federal park service rangers are "police officers" within the meaning of the Nevada statute defining that term, and that they may therefore be considered agents of the DMV in revoking a Nevada driver's license. *Id.* at 476-77, 874 P.2d at 1249-50. We noted that construing the provision to include federal officers as police officers advances this state's goal of keeping drunk drivers off this state's streets. *Id.* at 477, 874 P.2d at 1250. We also decided that federal regulations governing traffic in federal parks do not preempt state implied consent and license revocation provisions. *Id.* at 478-80, 874 P.2d at 1250-51. Thus, the revocation of Lovett's license was proper. *Id.* at 480, 874 P.2d at 1251.

Applying *Lovett* to this case, we conclude the revocation of Kuemmerlin's license was also proper, and the district court erred in deciding otherwise. Accordingly, we reverse the district court order granting judicial review and reinstating Kuemmerlin's driving privileges and remand to the district court. Upon remand, the district court shall issue an order reinstating the order of the DMV hearing officer upholding the revocation of Kuemmerlin's license.